# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## JENNIFER LEE KAILAR COOPER V. CHRISTOPHER AARON BROWN

**Extraordinary Appeal from the Circuit Court for Shelby County**
**No. CT-004141-10      Kay S. Robilio, Judge**

---

**No. W2011-02717-COA-R3-CV - Filed June 15, 2012**

---

Upon the Court's inquiry as to whether the order appealed was a final judgment, Appellant filed an application for an extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. Although we must dismiss Appellant's Rule 3 appeal, we grant Appellant's Rule 10 application and vacate in part the trial court's order of October 26, 2011, and remand for further proceedings.[1]

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Circuit Court Vacated in part and Remanded**

HOLLY M. KIRBY, J., J. STEVEN STAFFORD, J., and ALAN E. HIGHERS, P.J.,W.S.

Michael H. Adler, Memphis, for the appellant, Jennifer Lee Kailar Cooper.

Tracey P. Malone, Memphis, Tennessee, for the appellee, Christopher Aaron Brown.

## MEMORANDUM OPINION[2]

---

[1] The Tenn. R. App. P. 10 application, the answer, and the record fully set forth the parties' positions and the material facts. Therefore, pursuant to Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 29, and find oral argument to be unnecessary pursuant to Tenn. R. App. P. 35(c). *See Hammock v. Sumner Co.*, No. 01A01-9710-CV-00600, 1997 WL 749461 (Tenn. Ct. App. Dec. 5, 1997) (No Tenn. R. App. P. 11 application filed).

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## I.

In January 2011, the parties filed an agreed Permanent Parenting Plan and Marital Dissolution Agreement and the trial court entered a Final Decree of Divorce. In August 2011, Applicant Jennifer Lee Kailar Cooper ("Mother") filed a Petition to Modify the Permanent Parenting Plan in which Mother asserted that she had completed schooling to be a Certified Surgical Technologist and had obtained employment with the St. John Heart Institute in Tulsa, Oklahoma, after applying to local hospitals without success. Father filed a pleading styled "Response to Petition to Modify the Permanent Parenting Plan Concerning Child Visitation and Health Insurance and Counter-petition to Modify Permanent Parenting Plan to Designate Father as the Primary Residential Parent" in which Father submitted that, both during the marriage and since the parties divorced, Father has been very involved in the daily care and upbringing of the parties' minor child and most recently had spent substantially equal time with the parties' minor child and been the child's primary caregiver for approximately seven (7) weeks. Also, Father asserted that Mother's ulterior motive may be to move closer to someone she had met, or merely to be vindictive and deny Father contact with the minor child.

Subsequently, Father filed his "Amended Counter-petition to Modify Permanent Parenting Plan to Designate Father as the Primary Residential Parent And for Mandatory Injunction and for Contempt" in which he claimed that Mother, without notifying Father and without permission of the Court, withdrew the child from school in Shelby County and relocated with the minor child to Oklahoma, despite the pending litigation.

On October 26, 2011, the trial court conducted a hearing on the pending petitions. In the trial court's order reflecting its ruling on that date, the Court ruled as follows:

1. The Mother, Petitioner, shall not be allowed to relocate with the minor child until she is able to satisfy the Court and the Defendant that she has made a concerted effort to obtain a similar position as a certified surgical technician in the Memphis and surrounding area.

2. The parties are to have a Mediator set a new parenting plan, if the Petitioner will be allowed to relocate with the minor child.

3. If the mother relocates to Tulsa, Oklahoma for employment, before the court allows her to relocate with the minor child, the father shall have temporary custody of the minor child until such time as the court returns custody to the Mother or she returns to Memphis.

Mother later filed with the trial court a set of employment applications and rejection Letters, as directed by the trial court. Then, on November 7, 2011, the trial court entered an order

stating:

> This cause came to be heard on November 2nd , 2011, wherein the Petitioner submitted her employment applications and rejection letters as instructed by this court. The Petitioner is now required to answer interrogatories to be submitted by the defendant's attorney and/or submit to a deposition to further inquire into the Petitioner's efforts to obtain local employment.

On November 28, 2011, Mother filed a Notice of Appeal to this Court of the trial court's order of November 17, 2011.

On January 4, 2012, the Clerk of this Court received correspondence from Appellant's counsel in which counsel stated that the order appealed in this matter was not a final judgment. Although the correspondence appeared to seek relief from this Court, the document was not styled as a pleading nor did it comply with the requirements of Rule 22 of the Tennessee Rules of Appellate Procedure. Because the appellate record had not been transmitted to the Court at that time, we were unable to ascertain whether or not the order appealed is a final judgment. Accordingly, the Court entered an Order on January 22, 2012, which directed Mother's counsel to submit a statement to the Court setting forth the basis for this Court's jurisdiction of this matter.

Instead of filing a statement as directed, Mother filed an application for extraordinary appeal, pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. In the application, Mother asserted that the trial court had penalized Mother, the primary residential parent, for her intention to relocate with her child under TCA 36-6-108 (d) (1) by awarding temporary custody to the father without making any type of inquiry as to the circumstances of the father or the mother or the best interests of the child. Moreover, Mother argued that the court had also ignored TCA 36-6-108 (d) (1) (A) (8) (C) and decided to impose its own requirement, that of ordering the primary residential parent to prove to the satisfaction of both the court and the father that she has made a vigorous and concerted effort to obtain local employment before considering her relocation with her child. On January 27, 2012, this Court entered an Order requiring Father to file a response to the Rule 10 application and Father filed his response on February 9, 2012.

## II.

Under the parties' existing Permanent Parenting Plan, Mother is the primary residential parent and exercises two hundred eighty-five (285) days of parenting time while Father exercises eighty (80) days of parenting time. Tennessee Code Annotated section 36-6-108(b) provides in part:

> Unless the parents can agree on a new visitation schedule, the relocating parent

shall file a petition seeking to alter visitation. The court shall consider all relevant factors, including those factors enumerated within subsection (d). The court shall also consider the availability of alternative arrangements to foster and continue the child's relationship with and access to the other parent. The court shall assess the costs of transporting the child for visitation and determine whether a deviation from the child support guidelines should be considered in light of all factors including, but not limited to, additional costs incurred for transporting the child for visitation.

T.C.A. § 36-6-108(b). Additionally, Tennessee Code Annotated section 36-6-108(d) sets forth the procedure and criteria for obtaining court approval of parental relocation, including:

(1) If the parents are not actually spending substantially equal intervals of time with the child and the parent spending the greater amount of time with the child proposes to relocate with the child, the other parent may, within thirty (30) days of receipt of the notice, file a petition in opposition to removal of the child. The other parent may not attempt to relocate with the child unless expressly authorized to do so by the court pursuant to a change of custody or primary custodial responsibility. The parent spending the greater amount of time with the child shall be permitted to relocate with the child unless the court finds:

(A) The relocation does not have a reasonable purpose;
(B) The relocation would pose a threat of specific and serious harm to the child that outweighs the threat of harm to the child of a change of custody; or
(C) The parent's motive for relocating with the child is vindictive in that it is intended to defeat or deter visitation rights of the non-custodial parent or the parent spending less time with the child.

(2) Specific and serious harm to the child includes, but is not limited to, the following:

(A) If a parent wishes to take a child with a serious medical problem to an area where no adequate treatment is readily available;
(B) If a parent wishes to take a child with specific educational requirements to an area with no acceptable education facilities;
(C) If a parent wishes to relocate and take up residence with a person with a history of child or domestic abuse or who is currently abusing alcohol or other drugs;
(D) If the child relies on the parent not relocating who provides emotional support, nurturing and development such that removal would result in severe emotional detriment to the child;
(E) If the custodial parent is emotionally disturbed or dependent such that the

custodial parent is not capable of adequately parenting the child in the absence of support systems currently in place in this state, and such support system is not available at the proposed relocation site; or

(F) If the proposed relocation is to a foreign country whose public policy does not normally enforce the visitation rights of non-custodial parents, that does not have an adequately functioning legal system or that otherwise presents a substantial risk of specific and serious harm to the child.

T.C.A. § 36-8-108 (d). Finally, the statute provides "[i]f the court finds one (1) or more of the grounds designated in subsection (d), the court shall determine whether or not to permit relocation of the child based on the best interest of the child. If the court finds it is not in the best interests of the child to relocate as defined herein, but the parent with whom the child resides the majority of the time elects to relocate, the court shall make a custody determination and shall consider all relevant factors ... ." T.C.A. § 36-8-108(e).

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).

In the case at bar, Mother should be permitted to relocate with the child unless Father can prove one (1) or more of the criteria specified in Tennessee Code Annotated section 36-6-108(d). Consequently, the burden is on Father to prove that one (1) or more of the criteria exist. The trial court, however, impermissibly shifted the burden to Mother by ordering "[t]he Mother, Petitioner, shall not be allowed to relocate with the minor child until she is able to satisfy the Court and the Defendant that she has made a concerted effort to obtain a similar position as a certified surgical technician in the Memphis and surrounding area." Because the trial court erred in this manner, the trial court's order of October 26, 2011, must be vacated in part and the matter remanded to the trial court for further proceedings.

### III.

The application for an extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure is hereby granted. The trial court's order of October 26, 2011, is vacated in part and the case remanded to the trial court for further proceedings consistent with this opinion. Appellant's appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure is hereby dismissed for lack of jurisdiction. Costs of this matter are assessed to Appellee Christopher Aaron Brown for which execution may issue, if necessary.

**PER CURIAM**